IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YUYAMA MANUFACTURING CO., LTD., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JVM CO., LTD., )<br>)<br>Defendant. ) | Case No. 08 CV 2523<br><br>Judge Kennelly<br><br>Magistrate Judge Cole |

**NON-PARTY AUTOMED'S CROSS-MOTION TO QUASH OR MODIFY
JVM'S SUBPOENA SEEKING DEPOSITION TESTIMONY**

Non-party AutoMed Technologies, Inc. ("AutoMed") hereby moves this Court for an order limiting the additional third-party discovery that may be sought by JVM Co., Ltd. ("JVM") and to quash the subpoena of JVM seeking deposition testimony from AutoMed, or in the alternative, to modify the Subpoena to reduce the burden on AutoMed, and in support thereof, states as follows:

1. This miscellaneous action is related to a patent infringement action now pending in the United States District Court for the District of Maryland, No. 06-cv-2536, against JVM. AutoMed is not a party.

2. On May 23, 2007, JVM issued a subpoena seeking documents from non-party AutoMed. AutoMed timely objected to JVM's subpoena on June 4, 2007, and began the process of producing documents in accordance with those requests. This production was completed in August of 2007.

3. JVM made no attempt to meet and confer with AutoMed and made no objection to AutoMed's production under the May, 2007 subpoena until April 9, 2008.

4. On or about March 26, 2008, JVM served a second subpoena purporting to request testimony of an AutoMed corporate representative under Fed. R. Civ. P. 30(b)(6).

5. Both subpoenas are patently overbroad, to the extent that AutoMed would be unable to reasonably produce documents without significant burden and expense and would be unable to produce a witness competent to testify as to all of the subjects requested. AutoMed's attempts to negotiate with JVM to clarify and limit the subpoenas have been rebuffed.

6. Requiring AutoMed, which is not a party to this litigation to respond to the subpoenas in their current form would force AutoMed to incur substantial expense and is unduly burdensome.

WHEREFORE, for the reasons stated herein and in the accompanying Memorandum and Declarations, AutoMed respectfully requests that this Court grant this Motion and deny JVM's Motion to Enforce Subpoenas.

AutoMed Technologies, Inc.

By: ___/s/Jacqueline A. Criswell___
One of Its Attorneys

Jacqueline A. Criswell
Tressler, Soderstrom, Maloney & Priess, LLP
Sears Tower - 22nd Floor
233 South Wacker Drive
Chicago, IL 60606
312/627-4000
312/627-1717 (fax)

## CERTIFICATE OF SERVICE

I hereby certified that, on this 9th day of May, 2008, the foregoing Non-Party AutoMed's Cross-Motion to Quash or Modify JVM's Subpoena Seeking Deposition Testimony, was served by electronic filing on:

Ronald Austin, Jr.
**BROTHERS & THOMPSON, P.C.**
100 West Monroe Street, Suite 1700
Chicago, Illinois 60603
ra2law@cs.com

**and via mail:**

Tortsten M Kracht
Michael A. O'Shea
Akin Gump Strauss Hauer and Feld LLP
1333 New Hampshire Ave NW
Washington, DC 20036
*Counsel for Yuyama Manufacturing Co. Ltd. and Duane Chudy*

John D. Simmons
Panitch Schwarze Belisario & Nadel LLP
2005 Market St., Suite 2200
Philadelphia, PA 19103
*Counsel for Yuyama Manufacturing Co. Ltd. and Duane Chudy*

/s/ Gina Flaum