IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YUYAMA MANUFACTURING CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 08 cv 2523 |
| | ) | |
| JVM CO., LTD, | ) | Judge Kennelly |
| | ) | |
| Defendant, | ) | Magistrate Cole |

### JVM'S MOTION TO RECONSIDER

1. On May 2, 2008, JVM filed a motion to compel Automed to produce documents pursuant to a subpoena.[1] On May 9, 2008, Automed filed a response to the motion to compel and a motion to quash.

2. In its motion to quash, Automed argued, *inter alia*, that JVM should reimburse Automed for some or all of the costs of production. In support, Automed cited *In re Exxon Valdez*, 142 F.R.D. 380 (D.D.C. 1992). The court in the *Exxon Valdez* case noted that under Rule 45, "an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded." *Id.* at 383. However, "protection from significant expense" does not mean that the requesting party necessarily must bear the entire cost of compliance." *Id.*

3. In *Exxon Valdez,* the court ordered the subpoenaed party to pay a share of the expenses of complying with the subpoena. *Id*. at 384. The court found that the subpoenaed party had an interest in the outcome of the underlying litigation because 29% of the subpoenaed party's income came from the defendants in the underlying case. Accordingly, the court ordered the subpoenaed party to pay 29% of the expenses of complying with the subpoena. *Id.*

---

[1] JVM's motion sought to compel Automed to produce documents pursuant to a subpoena dated May 23, 2007, and to produce a witness for a deposition pursuant to a subpoena dated March 26, 2008. JVM's motion also sought to compel an individual, Duane Chudy, to appear for a deposition. This motion to reconsider only relates to the document subpoena served on Automed.

3.      On August 12, 2008, Automed issued an invoice to JVM in the amount of $14,699.76 for the search and production of sales records from 1994 and 1995 for a particular automated dispensing system manufactured by Yuyama Manufacturing Co.  JVM objected to the invoice because the attorneys' fees, paralegals' fees and expenses sought by Automed were unreasonable.

4.      On August 27, 2008, this Court ruled that the paralegal fees and expenses incurred by Automed were reasonable and ordered JVM to pay them in full.  Next, the Court ruled that the attorneys' fees sought by Automed were unreasonable.  However, the Court did not disallow the claimed attorneys' fees altogether.  Instead the Court reduced the attorneys' fees by half and ordered JVM to pay the balance.  JVM now asks the Court to reconsider this ruling.

5.      After eliminating the fees that the Court considered to be unreasonable, JVM was ordered to pay the remainder of the invoice.  Thus, the ruling requires JVM to pay 100% of the "reasonable" fees and expenses incurred by Automed.  As the court in *Exxon Valdez* found, in requiring the subpoenaed party to pay a percentage of the reasonable costs, "protection from significant expenses" does not mean that the requesting party must bear the entire cost of compliance.  *Id.*  Here, Automed is the primary U.S. distributor of Yuyama's products, and a substantial portion of Automed's income is derived from Yuyama.  Therefore, Automed has an interest in the outcome of the underlying patent suit.  Under the rationale used in *Exxon Valdez*, Automed should be required to pay at least half of the reasonable expenses of complying with the subpoena.[2]

---

[2] Discovery in the underlying case from Yuyama suggests that the vast majority of its business in the U.S. is run through Automed.  Based on that information and other information that JVM has been able to obtain, JVM believes that a substantial portion, and probably well more than half, of Automed's business comes from Yuyama.  However, Automed has not had the opportunity to depose Automed on this issue yet.

WHEREFORE, JVM requests the Court to reduce JVM's share of the $9,330.00 in expenses by half to avoid payment by JVM of all of Automed's reasonable expenses of complying with the document subpoena.

**JVM CO., LTD**.

s/Ronald Austin, Jr.

Ronald Austin, Jr.
**BROTHERS & THOMPSON, P.C.**
100 West Monroe Street, Suite 1700
Chicago, Illinois 60603
P: 312-372-2909
ra2law@cs.com